IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM S. WOLLESEN, IOWA PLAINS FARMS, KRISTI J. WOLLESEN, JOHN W. WOLLESEN, BYRITE FARM SUPPLY, INC. ,<br><br>Plaintiffs,<br><br>vs.<br><br>WEST CENTRAL COOPERATIVE; JEFFREY W. STROBURG; SUSAN TRONCHETTI; DARRELL JENSEN; CHRISTOPHER S. COEN; CRAIG HEINEMAN; JAY DREES; ROGER GINDER; JAMES CARLSON; DARYL DOERDER; DELBERT CHRISTENSEN; GLEN CHRISTENSEN; SAM SPELLMAN; DANIEL HELLER; SCOTT B. CHESNUT; HARRY A. AHRENHOLTZ; LINDA BUSS; TIMOTHY WEIGEL; DAWN THIELEN; WESTCO AGRONOMY COMPANY, L.L.C.; WIXTED, INC., doing business as Wixted Pope Nora Thompson; WIXTED POPE NORA THOMPSON & ASSOCIATES, L.L.C.; EILEEN WIXTED; GARDINER THOMSEN, P.C.; DANIEL MARK GARDINER; MILAN KUCERAK; FARMERS COOPERATIVE COMPANY,<br><br>Defendants. | No. 16-CV-4012-MWB<br><br>**ORDER** |

_____

Before the Court is "Individual WCC Defendants' Second Consent Motion For Extension Of Time For Parties to Submit Proposed Scheduling Order and Discovery Plan" (Doc. 62).

On June 6, 2016, the undersigned issued an order (Doc. 49) granting the Individual WCC Defendants' fist consent motion (Doc. 47). The order stated in part:

> No later than fourteen days after the court enters an order regarding the pending motions to dismiss (Docs. 24, 27 & 29), the parties shall submit to the court a Proposed Scheduling Order and Discovery Plan, pursuant to Federal Rules of Evidence 16 and 26(f), and Local Rule 16.

Doc. 49.

On July 19, 2016, the Honorable Mark W. Bennett issued an order denying as moot the pending motions to dismiss (Docs. 24, 27 & 29), but allowing plaintiffs up to and including August 9, 2016, to file a second amended complaint regarding their RICO claim. Defendants were given until August 30, 2016, to either file answers or motions to dismiss as to the second amended complaint. Doc. 61. To date, no second amended complaint has been filed, but the deadline has not yet expired.

The instant motion states, "The same situation that existed previously and that prompted the Court to enter the Order on June 6 (#49) continues to exist. The more practical approach would be to continue to hold the establishment of a Scheduling Order with deadlines and trial date in abeyance until shortly after the Court rules on any yet-to-be filed pre-answer motions that are filed in response to the yet-to-be filed second amended complaint. Because it is possible that defendants will respond by answering instead of filing motions, the new order should make provisions for the same."

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). *See also* Local Rule 16(f) ("The deadlines established by the Rule 16(b) and 26(f) scheduling order and discovery plan will be extended only upon written motion and a showing of good cause."). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). In ruling on motions to extend deadlines and continue trials, the court is guided by Rule 1 of the Federal Rules of Civil Procedure, which requires the court and the parties to construe the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. *See Rouse v. Farmers State Bank of Jewell, Iowa*, 866 F. Supp. 1191, 1199 (N.D. Iowa 1994) (holding that adherence to reasonable deadlines is critical to maintaining integrity of court proceedings).

The Court has reviewed the record and is persuaded that good cause exists for the requested relief given the procedural posture of the case at this stage.

**IT IS ORDERED**, for good cause shown, and as agreed to by all parties, that the motion to extend time to submit proposed scheduling order and discovery plan (Doc. 62) is **granted**. The parties' deadline to submit a proposed scheduling order and discovery plan is now within fourteen (14) days after (1) the District Court rules on any yet-to-be filed pre-answer motions attacking a yet-to-be filed second amended complaint, or (2) the last filed answer, if all defendants file answers to the second amended complaint instead of pre-answer motions.

**IT IS SO ORDERED** this 3rd day of August, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa