IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM S. WOLLESEN, IOWA PLAINS FARMS, BYRITE FARM SUPPLY, INC., KRISTI J. WOLLESEN, and JOHN W. WOLLESEN,<br><br>Plaintiffs,<br>vs.<br><br>WEST CENTRAL COOPERATIVE, JEFFERY B. STROBURG, SUSAN TRONCHETTI, DARRELL JENSEN, CHRISTOPHER S. COEN, CRAIG HEINEMAN, JAY DREES, ROGER GINDER, JAMES CARLSON, CARYL DOERDER, DELBERT CHRISTENSEN, GLEN CHRISTENSEN, SAM SPELLMAN, DANIEL HELLER, SCOTT B. CHESNUT, HARRY A. AHRENHOLTZ, LINDA BUSS, TIMOTHY WEIGEL, DAWN THIELEN, WESTCO AGRONOMY COMPANY, L.L.C., WIXTED, INC., d/b/a WIXTED POPE NORA THOMPSON, WIXTED POPE NORA THOMPSON & ASSOCIATES, L.L.C., EILEEN WIXTED, GARDINER THOMSEN, P.C., DANIEL MARK GARDINER, MILAN KUCERAK, and FARMERS COOPERATIVE COMPANY,<br><br>Defendants. | No. C 16-4012-MWB<br><br>**ORDER REGARDING DEFENDANTS' RENEWED MOTIONS TO DISMISS**<br><br>_____ |

This case is before me on the defendants' renewed dispositive motions filed in response to the Wollesens' August 9, 2016, Second Amended Verified Complaint (docket no. 64) (SAC). The SAC was, in turn, filed after my July 19, 2016, Order Regarding Defendants' Motions To Dismiss (docket no. 61), in which I denied the then-pending motions to dismiss (docket nos. 24, 27, and 29), granted the Wollesens leave to file a second amended complaint repleading their RICO claim, and set a deadline for the defendants either to file answers or motions to dismiss as to the second amended complaint. The renewed dispositive motions now before me are the following: The Individual WCC Defendants' September 12, 2016, Motion To Dismiss (docket no. 67); the Wixted Pope Defendants' September 12, 2016, Motion To Dismiss (docket no. 68); the Defendant Cooperatives' September 12, 2016, Motion To Abstain Pursuant To The *Colorado River* Abstention Doctrine Or Alternatively Dismiss (docket no. 70); and the Gardiner Thomsen Defendants' September 13, 2016, Motion To Dismiss (docket no. 76). Responses and replies have been duly filed. Notwithstanding various requests for oral arguments on these motions, I find that oral arguments are not necessary, in light of the briefing. Therefore, these motions are submitted on the parties' written submissions.

Once again, the principal issue raised in these motions is whether or not the Wollesens' only federal claims in their SAC, now two RICO claims instead of one, state claims upon which relief can be granted. If not, the Wollesens request the opportunity to offer a further amendment. Again, the remaining issues involve some independent challenges to state-law claims, but the defendants' primary challenge to the state-law claims is supplemental jurisdiction, if the RICO claims are dismissed.

I have reviewed the Wollesens' repleading of their RICO claims in Count VII ("CIVIL RICO, 18 U.S.C. § 1962(a), 1962(b), and 1962(c)") and Count VIII ("RICO CONSPIRACY, 18 U.S.C. § 1962(d)") of their SAC. Although the defendants are correct that more is not necessarily better, and I have considerable doubt that the

2

Wollesens will be able to marshal sufficient evidence either to survive summary judgment or to convince a jury on their RICO claims, or to convince me that their RICO claims are timely, I am satisfied that the Wollesens have now plausibly pleaded their RICO claims with sufficient particularity to survive Rule 12(b)(6) motions to dismiss. *See* FED. R. CIV. P. 12(b)(6) and 9(b); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); *see also Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 353-58 (8th Cir. 2011) (pleading RICO claims). Consequently, the parts of the pending motions to dismiss relating to the RICO claims in the SAC are denied.

Under these circumstances, I must also consider the portions of the pending motions relating to the Wollesens' state law claims. The Wixted Defendants contend that, even if this court has federal question subject matter jurisdiction, because the Wollesens have stated viable RICO claims, it does not have supplemental jurisdiction over the state-law claims, because those claims do not derive from a common nucleus of operative facts, within the meaning of 28 U.S.C. § 1367(a), and those claims predominate over the RICO claims, within the meaning of 28 U.S.C. § 1367(c)(2). I conclude, however, that the state and federal claims are sufficiently related—or interrelated—factually as to satisfy § 1367(a) and to make an argument of "predominance" of the state law claims under § 1367(c)(2) ring hollow. *See Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 931-32 (8th Cir. 2016) (explaining that, in the absence of one of the exceptions in § 1367(c), the court properly exercises supplemental jurisdiction under § 1367(a) over a state-law claim "if it 'derive[s] from a common nucleus of operative fact' as a claim otherwise within the court's jurisdiction" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997)). As to the Wixted Defendants' contentions that the state-law claims are subject to dismissal pursuant to Rule 12(b)(6), I conclude

3

that, perhaps just barely, the Wollesens have pleaded sufficient facts to make the claims timely and to make plausible the Wixted Defendants' knowledge of, involvement in, and/or aiding of the wrongdoing alleged. *See Richter*, 686 F.3d at 850.

Both the Wixted Defendants and the Defendant Cooperatives assert that the Wollesens' malicious prosecution claim cannot proceed, because the state court action on which that claim is based has not *finally* concluded, where appeals in state court are still pending. I conclude that the better course, under these circumstances, is to deny the motions to dismiss this claim, but to stay adjudication of this claim pending disposition of appeals in state court. This is so, because a dismissal of the claim, if it is premature, is likely to invite a later request to amend to add it back, when and if the state court proceedings do *finally* end favorably for the Wollesens.

Consequently, the parts of the defendants' motions seeking dismissal of the state-law claims are also denied.

The Defendant Cooperatives also assert that I should abstain from exercising jurisdiction over the state-law claims pursuant to the *Colorado River* abstention doctrine. Their contention that the prior state court action and this action are "parallel," to the extent required, does not withstand scrutiny, however. Because of the differences in the claims, considering *all* of the claims at issue in this case, and the sources of law, the required evidentiary showings, the measure of damages, and the treatment on appeal of the claims, I have *considerable* doubt that there is a substantial likelihood—or much likelihood at all—that the state proceeding will fully dispose of the *claims* present in this court. *See Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013). In these circumstances, I cannot use *Colorado River* to refuse jurisdiction. *Id*. Thus, the Defendant Cooperatives' request for a stay of the state-law claims pursuant to the *Colorado River* abstention doctrine is also denied.

THEREFORE, the pending motions to dismiss (docket nos. 67, 68, 70, and 76) are **denied**. However, adjudication of the Wollesens' claim of malicious prosecution is *stayed* pending disposition of appeals in state court.

**IT IS SO ORDERED**.

**DATED** this 28th day of December, 2016.

*/s/ Mark W. Bennett*
_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA