# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM S. WOLLESEN, et al., <br><br> Plaintiffs, <br> vs. <br><br> WEST CENTRAL COOPERATIVE, et al., <br><br> Defendants. | No. C16-4012-LTS <br><br> **ORDER OF DISMISSAL WITHOUT PREJUDICE** |

_____

On June 28, 2019, I entered an order addressing the fact that during a status conference on June 26, 2019, counsel for plaintiffs indicated that all claims in this case have been settled except for plaintiffs' claims against the Wixted Pope Defendants. Doc. No. 466. While a stipulation of dismissal of the resolved claims had not yet been filed, I directed the filing of such a stipulation by July 26, 2019. I further noted that because all of the remaining claims are state law claims, an issue exists as to whether this court should retain supplemental jurisdiction over those claims or, instead, dismiss them without prejudice. *See* 28 U.S.C. § 1367(c)(3). I directed the parties involved with the remaining claims to submit briefs on that issue by August 2, 2019.

On August 9, 2019, I entered an order (Doc. No. 480) granting plaintiffs' motion to dismiss all claims against all parties other than the Wixted Pope Defendants. In the meantime, plaintiffs and the Wixted Pope Defendants filed a joint brief (Doc. No. 478) urging that the court retain jurisdiction over the remaining state law claims. After carefully considering their arguments, I remain unconvinced that this court should retain supplemental jurisdiction over claims arising solely under state law. Instead, I find that the relevant factors, as set forth in *Barstad v. Murray Cnty.*, 420 F.3d 880, 888 (8th Cir. 2005), weigh against the continued exercise of jurisdiction. Among other things, I note

that the parties have offered no arguments as to why the significant discovery already completed in this case cannot be used in a state court action.  I further note that trial in this case would not occur until November 2020, more than 14 months from now.  If this case had progressed to the eve of trial before the federal claims were dismissed, the situation would be much different.

Because I find that this court should not retain jurisdiction over the remaining, state law claims, this action is **dismissed without prejudice**.

**IT IS SO ORDERED.**

**DATED** this 30th day of August, 2019.

_____
Leonard T. Strand, Chief Judge